# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

James D. Coveney,

    Plaintiff,

v.

Experian Information Solutions, Inc. and
Delta Community Credit Union

    Defendants.

Case No.:

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit reports, failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations with respect to such information.

## PARTIES

1. Plaintiff, James D. Coveney, is natural person who resides in Fulton County, Georgia.

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau doing business in Georgia.

4. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5. Defendant, Delta Community Credit Union (hereinafter "Delta") does business in Georgia.

6. Defendant Delta regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## JURISDICTION AND VENUE

7. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

8. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## **FACTUAL ALLEGATIONS**

9. On August 31, 2011, the Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 11-75072. The Plaintiff received a discharge of his debts by Order of that Court dated November 12, 2014.

10. Among the debts scheduled and discharged was a debt owing to Delta Community Credit Union, partial account number 437394****.

11. The Plaintiff's mortgage debt owed to Ocwen Loan Servicing, LLC (hereinafter "Ocwen"), partial account number 65630****, was not discharged in this bankruptcy.

12. On or about February 20, 2015, Plaintiff obtained a copy of his credit report as published by Experian.

13. That report contained erroneous information as provided by Delta and published and reported by Experian. Specifically, the Defendants reported that the Plaintiff owed a balance to Delta after Plaintiff's bankruptcy discharge.

14. Because Plaintiff's debt to Delta was discharged in bankruptcy, the information described above was both false and misleading.

15. In letters dated September 12, 2015, Plaintiff disputed the inaccurate and misleading information directly to both Defendants and advised both

Defendants of the specific facts that rendered the reporting inaccurate and misleading.

16. Upon information and belief, Experian timely notified Delta of Plaintiff's dispute in accordance with 11 U.S.C. § 1681i.

17. In a document dated October 26, 2015, Defendant Experian advised Plaintiff that it had researched Plaintiff's dispute and had made revisions as a result of their investigation. Experian provided a copy of the tradeline as reported that reproduced the errors identified by Plaintiff in his original dispute letter. A true and correct copy of the relevant pages of this document is attached as "EXHIBIT A."

18. There is no indication in the tradeline of the "verified" report that Plaintiff has disputed the information reported and published by Defendants.

19. Delta is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they furnish information for inclusion in consumer reports.

20. Experian is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

21. Experian was required to communicate the specifics of Plaintiff's dispute to Delta. Likewise, Delta had a duty to investigate the dispute and accurately report its findings to Experian.

22. Experian had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information notwithstanding the information it received from Delta.

23. Each and both of the Defendants, independently and jointly, breached their duties as described above.

24. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that the Plaintiff owed a balance to Delta after Plaintiff's bankruptcy discharge was not appropriately deleted or modified.

25. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

26. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to his credit rating and emotional distress.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Experian Information Solutions, Inc.)

28. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

29. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

30. Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

31. As a result of Defendant Experian's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to his credit rating and emotional distress. Plaintiff is therefore

entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

32. Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

33. Plaintiff is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)
### (Delta Community Credit Union)

34. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

35. Defendant Delta willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

36. As a result of Delta's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to his credit rating and

emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

37. Delta's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

38. Plaintiff is entitled to recover costs and attorney's fees from Delta pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

   a.) Plaintiff's actual damages;

   b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

   d.) Such other and further relief as may be just and proper.

Respectfully submitted this 11th day of December, 2015.

>    */s/ Matthew T. Berry*
>    Plaintiff's Attorney
>    Matthew T. Berry, Bar No.: 055663
>    Berry & Associates
>    2751 Buford Highway, Suite 600
>    Atlanta, GA 30324
>    Ph. (404) 235-3334
>    Fax (404) 235-3333
>    matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com
